## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

JAMES E. ALLEN,  : 
            : 
           Petitioner,  : 
            : 
        v.  :  Civ. Act. No. 06-578-GMS
            : 
THOMAS CARROLL, Warden,  : 
and JOSEPH R. BIDEN, III, Attorney  : 
General of the State of Delaware,  : 
            : 
           Respondents.  : 

### ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

In July 2003, a Delaware Superior Court jury found petitioner James E. Allen guilty of attempted second degree burglary, criminal mischief under $1,000, attempted second degree robbery, possession of a firearm during the commission of a felony, aggravated menacing, second degree conspiracy, and possession of burglary tools. *Allen v. State*, 878 A.2d 447, 448 (Del. 2005). Superior Court sentenced Allen as an habitual offender. *Id.* On direct appeal, the Delaware Supreme Court reversed and remanded the case for a new trial. *Id.* at 451. The State obtained a superseding indictment in November 2005. *See Allen v. State*, 2006 WL 2466461 (Del. Aug. 25, 2006); Del. Super. Ct. Crim. Dkt. in ID 0208020748 at Item 75 ("Dkt. at _"). Allen's new trial is currently scheduled for April 17, 2007 (Dkt. at Item 162), and Allen is free on bail pending his retrial. Dkt. at Item 145.

Since the reversal of his convictions and his re-indictment, Allen has filed several motions in state court. In May 2006, Allen filed two *pro se* petitions for state habeas corpus

relief. Dkt. at Items 101 & 103. Both of these petitions were denied by the trial court. Dkt. at Items 102 & 107. Allen appealed the denial of the second petition, but the trial court's decision was affirmed. *Allen*, 2006 WL 2466461 at *1.

Discussion

In his petition for federal habeas relief petition, Allen raises one ground for relief: the state prosecutor was improperly allowed to amend the indictment at the beginning of trial to charge Allen as an accomplice rather than as a principal. D.I. 1 at 6. Allen presented this claim to the state courts in his second state habeas action, though he did not make the claim in the direct appeal of his conviction. *See Allen*, 2006 WL 2466461 at *1; Op. Br. in *Allen v. State*, Del. Supr. No. 103, 2004. Because Allen failed to utilize a procedural vehicle that would allow the state supreme court to consider his claim on the merits, he has not exhausted state remedies. *See Carter v. Williams*, 2002 WL 531231 (D. Del. Apr. 2, 2002); *Jones v. Kearney*, 2002 WL 1524429, *4 (D. Del. July 15, 2002) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)). Respondents, however, waive the exhaustion requirement as allowed by 28 U.S.C. § 2254(b)(3).

Allen's petition, dated September 10, 2006,[1] is subject to the terms of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, signed by the President on April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 326 (1997) (holding AEDPA applies to "such cases as were filed after the statute's enactment."). Under AEDPA, this Court may consider an application for a writ of habeas corpus on behalf of "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Claims based on errors of state law are not cognizable on federal habeas review. *See Pulley v. Harris*, 465 U.S.

---

[1] The petition indicates that it was signed on August 28, 2006, but it was not placed in the prison mailing system until September 10, 2006. D.I. 1 at 15.

37, 41 (1984); *Riley v. Harris*, 277 F.3d 261, 310 n. 8 (3d Cir. 2001). Allen's claim for relief regarding the amendment of his indictment is a state law claim and thus review by this Court is unavailable.

Allen asserts that the prosecutor improperly amended the indictment to charge Allen as an accomplice rather than as a principal. D.I. 1 at 6. The Fifth Amendment's grand jury indictment clause, however, has not been incorporated against the states through the Fourteenth Amendment. *Hurtado v. California*, 110 U.S. 516, 538 (1884). Thus, although Delaware's Constitution has a similar provision[2] preventing the State from proceeding with a felony prosecution without a grand jury indictment, that right is a state constitutional right, not a federal constitutional right. *See Hurtado*, 110 U.S. at 538; *Branzsburg v. Hayes*, 408 U.S. 665, 688 n. 25 (1972); *Lanfranco v. Murray*, 313 F.3d 112, 118 (2d Cir. 2002); *Chandler v. Moscicki*, 253 F. Supp.2d 478, 486 (W.D.N.Y. 2003); *Coffield v. Carroll*, 2004 WL 2851801 at *4 (D. Del. Dec. 1, 2004); *Johnson v. State*, 711 A.2d 18 (Del. 1998). Moreover, "the legality of an amendment to an indictment is primarily a matter of state law." *United States ex rel. Wojtycha v. Hopkins*, 517 F.2d 420, 425 (3d Cir. 1975); *see Alexander v. Louisiana*, 405 U.S. 625, 633 (1972); *Carter v. Jury Commission*, 396 U.S. 320, 330 (1970); *Coffield*, 2004 WL 2851801 at *4. Thus, Allen's state law claim is simply not cognizable in federal habeas review and should be dismissed. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

To the extent that Allen is also raising a Sixth Amendment claim that he lacked notice of the offense due to the amendment of the indictment at the beginning of trial, that claim is unavailing. Under Delaware law, a person indicted as a principal may be convicted as an accomplice, and conversely, indictment as an accomplice does not preclude conviction as a

---

[2] DEL. CONST. ART. 1, § 8.

principal. DEL. CODE. ANN. TIT. 11, § 275 (Rpl. 2001); *Ayers v. State*, 844 A.2d 304, 308 (Del. 2004); *Crawford v. State*, 245 A.2d 791, 793 (Del. 1968); *Johnson v. State*, 215 A.2d 247 (Del. 1965); *see also Holder v. State*, 692 A.2d 882, 886 (Del. 1997) (a defendant is on notice that he could be convicted as an accomplice when charged as a principal). Thus, the premise of Allen's claim fails as a matter of state law.

Principles of due process require that an accused be informed of the specific charge against him. *See Cole v. Arkansas*, 333 U.S. 196, 201 (1948); *see also In re Oliver*, 333 U.S. 257, 273 (1948) ("A person's right to reasonable notice of a charge against him, and an opportunity to be heard in his defense . . . are basic in our system of jurisprudence . . . ."). This requirement is also imposed by the Sixth Amendment, which provides, in part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation." U.S. Const. amend. VI. "The right of a state prisoner to receive 'reasonable notice of the charges against him is incorporated in the fourteenth amendment and cannot be abridged by the states.'" *Chandler*, 253 F. Supp.2d at 487-88 (quoting *Hulstine v. Morris*, 819 F.2d 861, 863-64 (8th Cir. 1987)). While the amendment of an indictment can violate the right to fair notice, "not all alterations of the indictment are unconstitutional." *United States v. Wozniak*, 126 F.3d 105, 109 (2d Cir. 1997). In determining whether an indictment satisfies due process, a court must ask whether the indictment: (1) contains the elements of the offense charged; (2) provides the defendant adequate notice of the charges against which he must defend; and (3) protects against double jeopardy. *See Coffield*, 2004 WL 2851801 at *5 (citing *Russell v. United States*, 369 U.S. 749, 763-64 (1962) and *Wojtycha*, 512 F.2d at 425). The only amendment to Allen's indictment entailed charging him as an accomplice instead of as a principal. The Delaware Code specifically provides a person may be convicted as an accomplice

4

even when that person has been charged as a principal. DEL. CODE. ANN. TIT. 11, § 275 (Rpl. 2001); *see United States v. Provenzano*, 334 F.2d 678, 691 (3d Cir. 1964) ("An individual may be indicted for commission of a substantive crime and convicted by proof showing him to be an aider and abettor.") (citations omitted). Thus, Allen had notice that he would have to defend against charges of committing the offenses both as a principal and as an accomplice. Allen can neither claim that he was unaware of the offense charges or that the amendment obscured the underpinnings of the crime charged in a manner that submits him to the risk of a second prosecution. In sum, Allen's state law claim is not cognizable on federal habeas review and should be dismissed. To the extent this claim can be interpreted as a federal due process claim, that claim is entirely without merit.

### Conclusion

Based upon the Superior Court docket sheet, it appears that transcripts of Allen's 2004 jury trial and sentencing have been prepared. In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
Date: March 9, 2007                           elizabeth.mcfarlan@state.de.us



Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2002 WL 531231 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 1

Briefs and Other Related Documents
Carter v. WilliamsD.Del.,2002.Only the Westlaw
citation is currently available.
United States District Court, D. Delaware.
Eddie CARTER, Petitioner,
v.
Raphael WILLIAMS, Warden, and Attorney
General of the State of Delaware, Respondents.
**No. Civ.A.00-856-SLR.**

April 2, 2002.

Eddie Carter, Plummer Community Correctional
Center, Wilmington, Delaware. Petitioner, pro se.
Loren C. Meyers, Chief of Appeals Division,
Delaware Department of Justice, Wilmington,
Delaware, for Respondents.

MEMORANDUM OPINION
ROBINSON, Chief J.

## I. INTRODUCTION

**\*1** Petitioner Eddie Carter is a Delaware inmate in
custody at the Plummer Community Correctional
Center in Wilmington, Delaware. Currently before
the court is petitioner's application for a writ of
habeas corpus pursuant to 28 U.S.C. § 2254. For
the reasons that follow, the court concludes that
petitioner has failed to exhaust state court remedies.
Accordingly, the court will dismiss his petition
without prejudice.

## II. BACKGROUND

**\*1** In January 1989, petitioner pleaded guilty in the
Delaware Superior Court to manslaughter and
possession of a deadly weapon during the
commission of a felony. The Superior Court
sentenced petitioner on March 3, 1989, to fifteen
years imprisonment. On October 3, 1998, petitioner

was conditionally released. [FN1] Due to a violation
of the conditions of release, the Delaware Board of
Parole revoked petitioner's conditional release on
February 15, 2000. (D.I.14.)

> FN1. Conditional release is "the release of
> an offender from incarceration to the
> community by reason of diminution of the
> period of confinement through merit and
> good behavior credits." Del.Code. Ann. tit.
> 11, § 4302(5). An inmate who has been
> conditionally released remains "subject to
> the supervision of the Board [of Parole]
> until [he] has either served the remaining
> time on his sentence or is earlier
> discharged." *Jackson v. Multi-Purpose
> Criminal Justice Facility,* 700 A.2d 1203,
> 1206 (Del.1997).

**\*1** Petitioner attempted to challenge the Board of
Parole's revocation of his release by filing a petition
for a writ of habeas corpus with the Superior Court
on May 1, 2000. (*Id.,* Petition for Writ of Habeas
Corpus.) The Superior Court (Cooch, J.) denied
petitioner's habeas petition for lack of jurisdiction. (
*Id.,* Superior Court Letter Order, May 9, 2000.)
Petitioner did not appeal to the Delaware Supreme
Court.

**\*1** On September 6, 2000, while incarcerated at the
Multi-Purpose Criminal Justice Facility in
Wilmington, Delaware, petitioner filed with this
court the current petition for a writ of habeas
corpus. (D .I. 2.) In his application, petitioner
asserts that the revocation of his conditional release
violated his constitutional right to procedural due
process, as well as Delaware's revocation
procedures. (*Id.,* ¶ 54.) With leave of the court,
petitioner filed an amended petition, again alleging
that the revocation of his release violated his
procedural due process rights. (D.I.16.) Petitioner
has also filed a request for production of
documents. (D.I.9.) The respondents ask the court

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2002 WL 531231 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

to dismiss the petition for failure to exhaust state court remedies. (D.I.23, ¶ 7.)

### III. EXHAUSTION OF STATE COURT REMEDIES

*1 Pursuant to the federal habeas statute:

*1 An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -

*1 (A) the applicant has exhausted the remedies available in the courts of the State; or

*1 (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

*1 28 U.S.C. § 2254(b)(1). Grounded on principles of comity, the requirement of exhaustion of state court remedies ensures that state courts have the initial opportunity to review federal constitutional challenges to state convictions and sentences. *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir.2000), *cert. denied,* 532 U.S. 980 (2001).

*2 To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). Although a state prisoner need not "invoke extraordinary remedies," he must fairly present each of his claims to the state courts. *Id.* at 844-45. A claim has not been fairly presented unless it was presented "at all levels of state court adjudication." *Cristin v. Brennan,* 281 F.3d 404, 410 (3d Cir.2002).

*2 Fair presentation also requires the petitioner to utilize a state procedural vehicle that affords the state courts the opportunity to consider his claims on the merits. *Castille v. Peoples,* 489 U.S. 346, 351 (1989). Generally, federal courts will dismiss without prejudice claims that have not been fairly presented to the state courts, thereby allowing petitioners to exhaust their claims. *Lines v. Larkins,* 208 F.3d 153, 159-60 (3d Cir.2000), *cert. denied,*

531 U.S. 1082 (2001).

*2 If a claim has not been fairly presented, but further review in the state courts is procedurally barred, the exhaustion requirement is deemed satisfied because further state court review is unavailable. *Lines,* 208 F.3d at 160. Although deemed exhausted, such claims are nonetheless procedurally defaulted. *Id.* If a claim is procedurally defaulted, federal habeas review is barred unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or a fundamental miscarriage of justice. *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *Lines,* 208 F.3d at 160. Federal courts should refrain from finding a claim procedurally barred unless further state court review is clearly foreclosed. *Lines,* 208 F.3d at 163.

### IV. DISCUSSION

*2 As described above, petitioner seeks to challenge on procedural due process grounds the Board of Parole's decision to revoke his release. The respondents acknowledge, and correctly so, that petitioner raised his claims in his state habeas petition. (D.I.14, Petition.) They assert, however, that a state habeas petition is not the correct state procedural vehicle for challenging decisions of the Board of Parole. According to the respondents, challenges to decisions of the Board of Parole may be presented either to the Superior Court in a petition for a writ of mandamus, or to the Delaware Supreme Court in a petition for a writ of certiorari. Because petitioner did not properly present his claims to the state courts, they conclude, his federal habeas petition must be dismissed for failure to exhaust state court remedies.

*2 The first question is whether a state habeas petition is a proper procedural vehicle for challenging the Board of Parole's revocation of early release. In Delaware, "the writ of habeas corpus ... provides relief on a very limited basis." *Hall v. Carr,* 692 A.2d 888, 891 (Del.1997). It affords only "an opportunity for one illegally confined or incarcerated to obtain judicial review of the jurisdiction of the court ordering the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                      Page 3

Not Reported in F.Supp.2d, 2002 WL 531231 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

commitment." *Hall,* 692 A .2d at 891. "[A]fter a judgment of conviction and a commitment pursuant to the conviction, the only material fact to be ascertained upon a petition for a writ of habeas corpus is the existence of a judgment of conviction by a court of competent jurisdiction and a valid commitment of the prisoner to enforce the sentence. " *Skinner v. State,* 135 A.2d 612, 613 (Del.1957).

**\*3** Based on the Delaware Supreme Court's descriptions of state habeas corpus, this court is convinced that petitioner chose the incorrect procedural vehicle for challenging the Board's decision. Petitioner alleges that in revoking his release, the Board of Parole denied his right to procedural due process, not that the Board lacked jurisdiction to revoke his release. Plainly, his claims are beyond the limited scope of state habeas review. Because petitioner selected the incorrect procedural vehicle to present his claims, he has failed to fairly present them to the state courts. *Castille,* 489 U.S. at 351.

**\*3** The court must next consider whether petitioner's claims are now clearly foreclosed from state court review. If so, his claims are deemed exhausted yet procedurally barred. *See Lines,* 208 F.3d at 160. If not, his claims remain unexhausted, and his petition should be dismissed without prejudice. *Id.* at 159-60.

**\*3** According to the respondents, two procedural vehicles are available for petitioner to raise his current claims to the state courts. The first is a petition for a writ of mandamus filed with the Superior Court. For this proposition they cite *Bradley v. Delaware Parole Board,* 460 A.2d 532 (Del.1983). In *Bradley,* the Board of Parole conducted a hearing to determine if James Bradley was eligible for parole. *Id.* at 533. At the time of the hearing, Bradley was in custody in a federal penitentiary in Pennsylvania and did not receive notice of the hearing. *Id.* In Bradley's absence, the Board denied his request for parole. *Id.* Bradley challenged the Board's decision by filing a petition for a writ of mandamus with the Superior Court, arguing that the Board failed to follow its statute and regulations. *Id.* at 534. The Superior Court denied Bradley's petition, and the Delaware

Supreme Court affirmed. *Id.* at 534-35.

**\*3** Certainly *Bradley* stands for the proposition that the Superior Court will entertain a petition for a writ of mandamus challenging a decision of the Board of Parole to deny parole. While petitioner seeks to challenge a decision revoking his conditional release rather than parole, his challenge is nonetheless closely akin to that raised in *Bradley.* [FN2] It thus appears that petitioner may present his claims to the Superior Court in a petition for a writ of mandamus.

> FN2. The Delaware Supreme Court has acknowledged that parole and conditional release are similar forms of early release. *See Jackson,* 700 A.2d at 1206 (finding that "once an inmate achieves early release from incarceration, there is little practical difference between the consequences of" parole and conditional release). Both conditional release and parole are " conditioned upon the inmate's compliance with all of the conditions of supervision associated with his early release from confinement." *Id.*

**\*3** Alternatively, the respondents rely on *Semick v. Department of Corrections,* 477 A.2d 707 (Del.1984), to argue that petitioner may challenge the Board's decision by filing a petition for a writ of certiorari with the Delaware Supreme Court. In *Semick,* the Delaware Supreme Court entertained a petition for a writ of certiorari to consider whether the Board violated an inmate's constitutional rights by extending his sentence following the revocation of parole. *Id.* at 710. The *Semick* court specifically considered whether the Board's failure to conduct a preliminary hearing and a timely revocation hearing violated the inmate's constitutional right to procedural due process. [FN3] *Id.* It thus appears that the Delaware Supreme Court may entertain a petition for a writ of certiorari for the purpose of raising a due process challenge to the revocation of early release.

> FN3. In an unpublished order, the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                    Page 4

Not Reported in F.Supp.2d, 2002 WL 531231 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Delaware Supreme Court recently acknowledged the viability of *Semick,* but without explanation. *See Bruton v. State,* No. 12, 2001, 2001 WL 760842, * *1 n .1 (Del. May 24, 2001).

**\*4** Based on the foregoing, the court cannot conclude that state law clearly forecloses further state court review of petitioner's due process challenge to the revocation of his conditional release. Accordingly, the court finds that petitioner's claims are unexhausted, and that his petition should be dismissed without prejudice.[FN4]

> FN4. In his request for production of documents, petitioner seeks copies of transcripts of several hearings before the Board of Parole. (D.I.9.) Because petitioner has failed to exhaust his claims, his request for production of documents will be denied as moot.

## V. CERTIFICATE OF APPEALABILITY

**\*4** Finally, the court must determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. The court may issue a certificate of appealability only if petitioner " has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**\*4** When a federal court dismisses a habeas petition on procedural grounds without reaching the underlying constitutional claims, the petitioner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) . "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

**\*4** As discussed above, the court has concluded that petitioner must fairly present his claims to the state

courts before this court will entertain his federal habeas petition. The court is persuaded that reasonable jurists would not debate whether this procedural ruling is correct. Petitioner, therefore, has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability is not warranted.

## VI. CONCLUSION

**\*4** For the reasons stated, the court will dismiss petitioner's application for a writ of habeas corpus without prejudice, and will not issue a certificate of appealability. An appropriate order shall issue.

## ORDER

**\*4** At Wilmington, this 2nd day of April, 2002, consistent with the memorandum opinion issued this same day;

**\*4** IT IS HEREBY ORDERED that:

**\*4** 1. Petitioner Eddie Carter's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is dismissed without prejudice for failure to exhaust state court remedies.

**\*4** 2. Petitioner's request for production of documents (D.I.9) is denied as moot.

**\*4** 3. The court declines to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

D.Del.,2002.
Carter v. Williams
Not Reported in F.Supp.2d, 2002 WL 531231 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:00CV00856 (Docket) (Sep. 22, 2000)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d                                                    Page 1

Not Reported in F.Supp.2d, 2002 WL 1524429 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents
Jones v. Kearney D.Del.,2002.Only the Westlaw
citation is currently available.
United States District Court, D. Delaware.
Tracy M. JONES, Petitioner,
v.
Richard KEARNEY, Warden, and Attorney
General of the State of Delaware, Respondents.
**No. CIV.A.00-850-GMS.**

July 15, 2002.

Petitioner, who was convicted of firearms offenses
and was resentenced after being found to have
violated terms of probation, sought federal habeas
corpus relief. The District Court, Sleet, J., held that:
(1) alleged procedural errors in extradition
proceedings did not provide basis for federal habeas
relief; (2) petitioner failed to exhaust state remedies
for due process claim; and (3) due process claim
was procedurally barred.

Petition denied.
West Headnotes
**[1] Habeas Corpus 197 ⚖506**

197 Habeas Corpus
    197II Grounds for Relief; Illegality of Restraint
        197II(B) Particular Defects and Authority for
Detention in General
            197k503 Judgment, Sentence, or Order
                197k506 k. Probation or Suspension.
Most Cited Cases
Even if Delaware authorities violated defendant's
procedural rights when extraditing him from
Maryland, those errors could not invalidate
Delaware trial court's subsequent determination that
defendant violated terms of probation or court's
revocation of probation and resulting sentence, and
thus did not provide basis for federal habeas relief.
11 Del.C. § 2501 et seq.

**[2] Habeas Corpus 197 ⚖384**

197 Habeas Corpus
    197I In General
        197I(D) Federal Court Review of Petitions by
State Prisoners
            197I(D)4 Sufficiency of Presentation of
Issue or Utilization of State Remedy
                197k384 k. Procedural Error; Wrong
Court or Remedy. Most Cited Cases
By using state habeas petition, a 3890procedural
vehicle that did not allow state supreme court an
opportunity to consider his claim on the merits,
petitioner did not fairly present claim to state courts
for purposes of satisfying exhaustion requirement
imposed by federal habeas statute. 28 U.S.C.A. §
2254(b)(1).

**[3] Habeas Corpus 197 ⚖366**

197 Habeas Corpus
    197I In General
        197I(D) Federal Court Review of Petitions by
State Prisoners
            197I(D)4 Sufficiency of Presentation of
Issue or Utilization of State Remedy
                197k362    Particular    Remedies    or
Proceedings
                197k366 k. Direct Review; Appeal
or Error. Most Cited Cases
Under Delaware law, petitioner's failure to assert
due process claim on direct appeal and to explain
such failure barred state-court review of claim,
rendering claim procedurally defaulted for purposes
of federal habeas review. U.S.C.A. Const.Amend.
14; Super. Ct. R.Crim. P. 61(i)(3).

MEMORANDUM AND ORDER
SLEET, District J.
*1 Following a revocation hearing in the Delaware
Superior Court, Tracy M. Jones was sentenced to
five years in prison for violating the terms of
probation. While in custody at the Sussex
Correctional Institution,[FN1] Jones filed with the
court a petition for a writ of habeas corpus pursuant

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2002 WL 1524429 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

to 28 U.S.C. § 2254. In his petition, Jones challenges the violation of probation ("VOP") proceedings in the Superior Court, as well as his extradition from Maryland to Delaware prior to those proceedings. For the reasons set forth below, the court will deny the petition and the requested relief.

> FN1. By letter dated May 27, 2001, Jones informed the court that he was in custody at the Sussex Work Release Center, but that he had "just about served this sentence." (D.I.25.) Because Jones has not communicated with the court since that date, the court cannot determine whether he is at the work release center, on home confinement, or on probation.

### I. BACKGROUND

*1 On August 16, 1995, a jury in the Delaware Superior Court found Jones guilty of several firearms offenses. The Superior Court sentenced Jones to nine years in prison suspended after four years for probation. The Delaware Supreme Court affirmed. *Jones v. State,* No. 461, 1995, 1996 WL 376937 (Del. June 28, 1996). On October 5, 1998, Jones was released from prison, and supervision of his probation was transferred to Maryland.

*1 On February 7, 2000, a Delaware State Trooper arrested Jones in Maryland pursuant to a capias charging that he had violated the terms of probation. Jones was taken immediately to Delaware. Following a VOP hearing on February 18, 2000, the Superior Court determined that Jones had violated his probation, and sentenced him to five years in prison, suspended after eighteen months for home confinement followed by probation. Jones did not appeal to the Delaware Supreme Court.

*1 On February 24, 2000, Jones filed in the Superior Court a petition for a writ of habeas corpus, which was denied on March 3, 2000. Rather than appealing, Jones filed a subsequent habeas petition with the Delaware Supreme Court on May 18, 2000. The Delaware Supreme Court dismissed Jones' petition for lack of jurisdiction. *In re Jones,*

No. 231, 2000, 2000 WL 975110 (Del. June 8, 2000).

*1 Jones has now filed the current petition seeking federal habeas relief. He also asks the court to appoint counsel to represent him in this matter.

### II. GOVERNING LEGAL PRINCIPLES

#### A. Exhaustion and Procedural Default

*1 Pursuant to the federal habeas statute:
*1 An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
*1 (A) the applicant has exhausted the remedies available in the courts of the State; or
*1 (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

*1 28 U.S.C. § 2254(b)(1). Grounded on principles of comity, the requirement of exhaustion of state court remedies ensures that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir.2000), *cert. denied,* 532 U.S. 980, 121 S.Ct. 1621, 149 L.Ed.2d 483 (2001).

*1 To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). Although a state prisoner is not required to "invoke extraordinary remedies" to satisfy exhaustion, he must fairly present each of his claims to the state courts. *Boerckel,* 526 U.S. at 845, 848. Fair presentation requires the petitioner to utilize a state procedural vehicle that affords the state courts the opportunity to consider his claims on the merits. *Castille v. Peoples,* 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989).

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2002 WL 1524429 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

*2 If a claim has not been fairly presented to the state courts, but state procedural rules preclude a petitioner from seeking further relief in the state courts, the exhaustion requirement is deemed satisfied because further state court review is unavailable. *Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir.2000), *cert. denied,* 531 U.S. 1082, 121 S.Ct. 785, 148 L.Ed.2d 681 (2001). Although deemed exhausted, such claims are nonetheless procedurally defaulted. *Id.* Federal courts may not consider the merits of procedurally faulted claims unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or a fundamental miscarriage of justice. *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Lines,* 208 F.3d at 160.

*2 In order to demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). A petitioner must also establish actual prejudice, which requires him to show "not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray,* 477 U.S. at 494.

*2 Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000). The miscarriage of justice exception applies only in extraordinary cases " where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496.

B. Standards of Review

*2 Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):
*2 An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with

respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
*2 (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States ...

*2 28 U.S.C. § 2254(d). A federal court may issue a writ of habeas corpus under this provision only if it finds that the state court decision on the merits of a claim either: (1) was contrary to clearly established federal law, or (2) involved an unreasonable application of clearly established federal law. *Williams v. Taylor,* 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

*2 Section 2254(d), however, applies only to claims that have been "adjudicated on the merits in State court proceedings." 28 U.S.C. § 2254(d); *Appel v. Horn,* 250 F.3d 203, 210 (3d Cir.2001). Thus, if the state courts did not reach the merits of the claim, the deferential standards of § 2254(d) do not apply on federal habeas review. *Jermyn v. Horn,* 266 F.3d 257, 299-300 (3d Cir.2001); *Appel,* 250 F.3d at 210 . Rather, where a state court does not adjudicate a claim on the merits, a federal habeas court " 'must examine, without special heed to the underlying state court decision,' whether the claim has merit." *Jermyn,* 226 F.3d at 300 (quoting *Appel,* 250 F.3d at 210).

III. DISCUSSION

*3 In his habeas petition, Jones articulates the following claims for relief:
*3 (1) His arrest in Maryland and extradition to Delaware violated his right to due process.
*3 (2) The Superior Court failed to follow the proper procedures in his VOP proceedings in violation of his right to due process.

*3 (D.I.2.) The court addresses Jones' claims in turn.

A. Extradition Proceedings

*3 [1] Jones first challenges his arrest in Maryland

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2002 WL 1524429 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 4

followed by immediate extradition to Delaware. According to Jones, he was not afforded any of the procedural safeguards provided by the Uniform Criminal Extradition Act, Del.Code Ann. tit. 11, §§ 2501-2530. The respondents expressly waive the exhaustion requirement as to this claim,[FN2] and ask the court to deny this claim on the merits.

> FN2. "A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement." 28 U.S.C. § 2254(b)(3).

**\*3** The court recognizes that Jones alleges numerous procedural errors in his arrest in Maryland and extradition to Delaware. In the context of Jones' habeas petition, however, the court need not examine each of these allegations and determine whether any violations occurred. According to the United States Supreme Court, " nothing in the Constitution [ ] requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will," even if he was brought to court by "forcible abduction." *Frisbie v. Collins,* 342 U.S. 519, 522, 72 S.Ct. 509, 96 L.Ed. 541 (1951). Thus, the existence of procedural defects in extradition proceedings does not impair a state's power to try an individual, and any resulting confinement does not violate his right to due process. *See Shack v. Attorney General of Pennsylvania,* 776 F.2d 1170, 1172 (3d Cir.1985)(stating that "a procedurally defective extradition proceeding is normally an inadequate basis for collateral relief"); *United States ex rel. Kelly v. Maroney,* 414 F.2d 1228, 1230 (3d Cir.1969)(rejecting claim for relief from confinement stemming from illegal extradition).

**\*3** Here, Jones' alleged errors occurred in Maryland prior to his extradition to Delaware. Once in Delaware, he was brought before the Superior Court for a VOP hearing, at which time his probation was revoked and his sentence imposed. Even if Delaware authorities violated Jones' procedural rights in extraditing him, those errors cannot invalidate the Superior Court's VOP determination

and revocation, or his sentence resulting therefrom.

**\*3** In short, Jones' allegations of procedural errors in the extradition proceedings, even if true, do not provide a basis for federal habeas relief. [FN3] Accordingly, his request for federal habeas relief as to this claim will be denied.

> FN3. The Third Circuit has acknowledged that certain procedural safeguards in extradition proceedings are "important," and that the denial of certain safeguards may violate 42 U.S.C. § 1983. *See Shack,* 776 F.2d at 1173.

### B. VOP Hearing

**\*3** Jones next challenges the Superior Court's procedures in the VOP proceedings. He alleges that the Superior Court provided him with inadequate notice of the VOP hearing and his right to retain counsel, and denied him the opportunity to question adverse witnesses and present evidence on his own behalf. These errors, Jones argues, violated Rule 32.1 of the Superior Court Rules of Criminal Procedure,[FN4] as well as his constitutional right to due process. In their answer, the respondents assert that Jones failed to fairly present this claim to the Delaware Supreme Court, and that it is now procedurally barred from federal habeas review.

> FN4. Revocation of Partial Confinement or Probation. Whenever a person is taken into or held in custody on the grounds that the person has violated a condition of partial confinement or probation, the person shall be brought without unreasonable delay before a committing magistrate or a judge of Superior Court for the purpose of fixing bail and, if not released on bail, shall be afforded a prompt hearing before a judge of Superior Court on the charge of violation. The person shall be given:
> (A) Written notice of the alleged violation;
> (B) Disclosure of the evidence against the person;
> (C) An opportunity to appear and to

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                          Page 5

Not Reported in F.Supp.2d, 2002 WL 1524429 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

present evidence in the person's own
behalf;
(D) The opportunity to question adverse
witnesses; and
(E) Notice of the person's right to retain
counsel and, in cases in which fundamental
fairness requires, to the assignment of
counsel if the person is unable to obtain
counsel.
Super. Ct. R.Crim. P. 32.1(a).

*4 As explained above, Jones attempted to
challenge his VOP hearing by filing a habeas
petition in the Superior Court. He then filed a
habeas petition in the Delaware Supreme Court,
which was dismissed for lack of jurisdiction.
According to the respondents, Jones could have
presented his VOP claim to the Delaware Supreme
Court on direct appeal following his revocation
hearing. His attempt to present this claim to the
Delaware Supreme Court in a habeas petition, they
contend, was procedurally incorrect, and does not
constitute fair presentation for purposes of
exhaustion.

*4 [2] The court agrees with the respondents that
Jones could have presented this claim to the
Delaware Supreme Court by filing a direct appeal
from the Superior Court's order revoking his
probation. See, e.g., Gibbs v. State, 760 A.2d 541
(Del.2000)(reversing on direct appeal Superior
Court's order revoking probation). The respondents
are also correct that Jones' attempt to present this
claim to the Delaware Supreme Court by filing a
habeas petition was procedurally incorrect-as a
matter of state law, the Delaware Supreme Court
lacks jurisdiction to issue a writ of habeas corpus.
See In re Cantrell, 678 A.2d 525, 526 (Del.1996).
Because Jones utilized a procedural vehicle that did
not allow the Delaware Supreme Court the
opportunity to consider this claim on the merits, he
did not fairly present it for purposes of exhaustion.
See Castille, 489 U.S. at 351.

*4 [3] Because Jones did not fairly present this
claim to the Delaware Supreme Court, the court
must determine whether state procedural rules
preclude him from doing so at this time. If so, his
claim is procedurally defaulted, and federal habeas

review is barred absent a showing of cause and
prejudice, or a fundamental miscarriage of justice.
See Coleman, 501 U.S. at 750.

*4 The respondents argue that Jones' VOP claim is
procedurally barred because he failed to raise it on
direct appeal. Pursuant to Superior Court Criminal
Rule 61(i)(3):
*4 Procedural Default. Any ground for relief that
was not asserted in the proceedings leading to the
judgment of conviction, as required by the rules of
this court, is thereafter barred, unless the movant
shows
*4 (A) Cause for relief from the procedural default
and
*4 (B) Prejudice from violation of the movant's
rights.

*4 Super. Ct. R.Crim. P. 61(i)(3). Under this rule,
failure to raise an issue on direct appeal generally
renders a claim procedurally defaulted absent a
showing of cause and prejudice. Bialach v. State,
773 A.2d 383, 386 (Del.2001). Here, Jones did not
pursue a direct appeal, nor has he explained why he
did not. Accordingly, state court review of his
federal due process claim is procedurally barred.

*4 The only remaining question as to this claim is
whether the court can excuse Jones' procedural
default. Unfortunately, he offers no explanation for
failing to fairly present this claim to the Delaware
Supreme Court, nor does he suggest that he is
actually innocent of violating the terms of probation.

*5 In sum, the court finds that Jones did not fairly
present his VOP claim to the Delaware Supreme
Court, and that review of his claim by that court is
now clearly foreclosed. Jones has failed to articulate
any reason permitting this court to excuse his
procedural default. Therefore, the court concludes
that his VOP claim is procedurally barred from
federal habeas review.[FN5]

> FN5. By letter dated May 27, 2001, Jones
> asks the court to appoint counsel to
> represent him. (D.I.25.) Because the court
> has concluded that Jones' petition will be
> denied, the court will deny his request for

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2002 WL 1524429 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

appointment of counsel as moot.

## IV. CERTIFICATE OF APPEALABILITY

**\*5** Finally, the court must determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. The court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires the petitioner to " demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

**\*5** Here, the court has concluded that Jones' first claim lacks merit and that his second claim is procedurally barred. The court is persuaded that reasonable jurists would not find its conclusions debatable or wrong. Jones has, therefore, failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

## V. CONCLUSION

**\*5** For the foregoing reasons, IT IS HEREBY ORDERED THAT:
**\*5** 1. Tracy M. Jones' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (D.I.2) is DENIED.
**\*5** 2. Jones' request for appointment of counsel (D.I.25) is DENIED as moot.
**\*5** 3. The court declines to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

**\*5** IT IS SO ORDERED.

D.Del.,2002.
Jones v. Kearney
Not Reported in F.Supp.2d, 2002 WL 1524429 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:00CV00850 (Docket) (Sep. 19, 2000)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d                                                                                 Page 1

Not Reported in F.Supp.2d, 2004 WL 2851801 (D.Del.)

(Cite as: 2004 WL 2851801 (D.Del.))

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
Anthony X. COFFIELD, Petitioner,
v.
Thomas CARROLL, Warden, and M. Jane Brady,
Attorney General of the State of
Delaware, Respondents.
**No. Civ. 03-367-SLR.**

Dec. 1, 2004.
Anthony X. Coffield, petitioner, pro se.

Elizabeth R. McFarlan, Deputy Attorney General,
Delaware Department of Justice, Wilmington,
Delaware, for respondents.

MEMORANDUM OPINION

ROBINSON, Chief J.

I. INTRODUCTION

*1 Petitioner Anthony X. Coffield is a Delaware
inmate in custody at the Delaware Correctional
Institution in Smyrna, Delaware. Currently before
the court is petitioner's application for a writ of
habeas corpus pursuant to 28 U.S.C. § 2254. (D.I.2)
For the reasons that follow, the court will dismiss
his application.

II.   FACTUAL   AND   PROCEDURAL
BACKGROUND

On May 3, 1999, three separate businesses in
Wilmington, Delaware were robbed at gunpoint: a
pharmacy, a discount tire store, and a Cumberland
Farms store. Petitioner was indicted in the Delaware

Superior Court for these robberies on four counts of
robbery in the first degree (11 Del. C. Ann. § 832),
four counts of possession of a firearm during the
commission of a felony ("PFDCF") (11 Del. C.
Ann. § 1447A), one count of possession of a deadly
weapon by a person prohibited, one count of
possession of ammunition for a firearm by a person
prohibited, and one count of possession with intent
to deliver cocaine.

Immediately before petitioner's March 2000 jury
trial, the State realized there was a discrepancy
between the evidence and count II of the
indictment, which involved the Cumberland Farms
robbery. According to count II, petitioner, "in the
course of committing theft, did threaten the
immediate use of force upon Douglas Brock with
intent to compel the said victim to deliver up ...
U.S. currency ... and displayed what appeared to be
a deadly weapon ... a .25 caliber handgun." (D.I. 11,
Indictment by the Grand Jury, ID # 9905004704).
Douglas Brock was an off-duty Cumberland Farms
employee present at the time of the robbery. Even
though petitioner threatened Brock with the gun and
forced him to lie on the floor, he did not demand
any currency from Brock or forcibly remove any
property from him. Rather, petitioner actually
forced the clerk on duty, Francis Jackson, to hand
over currency.

After detecting this discrepancy, but before the trial
started, the State filed a motion to amend the
indictment by changing the victim's name from
Douglas Brock to Francis Jackson. Although the
Superior Court judge initially denied the motion, he
granted the motion at the close of the State's case.

The jury found petitioner guilty of three counts of
robbery in the first degree (including the
Cumberland Farms' robbery), three counts of
possession of a firearm during the commission of a
felony, one count of possession of a firearm by a
person prohibited, and the lesser included offense of

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2004 WL 2851801 (D.Del.)

**(Cite as: 2004 WL 2851801 (D.Del.))**

possession of cocaine. The jury acquitted petitioner of one count of robbery in the first degree, and the state court granted petitioner's motion for judgment of acquittal of one PFDCF count.

The Superior Court sentenced petitioner to an aggregate of thirty-four years of incarceration, suspended after twenty-four years for decreasing levels of supervision. The Delaware Supreme Court affirmed petitioner's convictions and sentences on direct appeal, *Coffield v. State,* 794 A.2d 588 (Del.2002). Petitioner did not did not apply for post-conviction relief. [FN1] (D.I.10)

> FN1. When the State filed its answer on August 8, 2003, petitioner had not pursued post-conviction relief in state court. Thereafter, petitioner filed a motion to dismiss his § 2254 petition without prejudice, alleging he intended to file a motion for post-conviction relief under Delaware Superior Court Criminal Rule 61 to exhaust state remedies and avoid the procedural default discussed in the State's answer. (D.I. 12; D.I. 14) To date, it appears that petitioner has not filed any post-conviction motions. Even if petitioner were to file state post-conviction motions, further state review would be barred, as would federal habeas review of the claims. *See infra* pp. 17-19.

*2 In April 2003, petitioner filed the habeas application currently before the court. The grounds in his application are premised on the amendment to the indictment and allege that: (1) the amendment of the indictment violated his constitutional right to indictment by a grand jury; (2) Brock's and Jackson's testimony should have been limited to petitioner's alleged conduct against Brock, excluding all testimony as to conduct against Jackson; (3) the jury should have been instructed that any evidence of petitioner's misconduct against Jackson could not be considered for a substantive purpose or as indicative of petitioner's character; and (4) the prosecutor improperly presented a known false charge to the grand jury in violation of the petitioner's due process rights. (D.I. 2, at ¶ 7)

The State filed an answer, asking the court to dismiss petitioner's habeas application because: (1) the grand jury indictment amendment claim is a state law claim not cognizable on federal habeas review; (2) to the extent the indictment amendment claim raises a due process issue, the Delaware Supreme Court's decision upholding the amendment does not warrant habeas relief under § 2254(d)(1); (3) petitioner's procedural default of the evidentiary claim in state court bars this court from providing federal habeas review of the claim; and (4) the court is procedurally barred from reviewing the merits of the prosecutorial misconduct claim because petitioner procedurally defaulted the claim at the state court level. (D.I.10)

After the State filed its answer, petitioner filed two motions asking for permission to voluntarily withdraw his petition without prejudice. (D.I. 12; D.I. 14) The State opposed dismissal without prejudice (D.I.13), and this court denied petitioner's motions. (D.I.16)

Petitioner's federal habeas application is now ready for review.

III. GOVERNING LEGAL PRINCIPLES

A. The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* 538 U.S. 202, 206 (2003) (internal citations and quotation marks omitted). AEDPA increases the deference federal courts must give to state court decisions, primarily by imposing procedural requirements and standards for analyzing the merits of a habeas petition. *See id.* at 206. Generally, AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693 (2002).

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2004 WL 2851801 (D.Del.)

**(Cite as: 2004 WL 2851801 (D.Del.))**

Page 3

**B. Exhaustion and procedural default**

Under AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Absent exceptional circumstances, a federal court cannot review a habeas petition unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel,* 526 U.S. 838, 842-44 (1999); *Picard v. Connor,* 404 U.S. 270, 275 (1971). AEDPA states:
  *3 An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
  (A) the applicant has exhausted the remedies available in the courts of the State; or
  (B)(i) there is an absence of available State corrective process; or
  (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
28 U.S.C. § 2254(b)(1). A petitioner "shall not be deemed to have exhausted remedies available ... if he has the right under the law of the state to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The exhaustion requirement is based on principles of comity, requiring the petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan,* 526 U.S. at 844-45; *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir.2000). Generally, the petitioner must demonstrate that the habeas claim was fairly presented to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citations omitted); *Coverdale v. Snyder,* 2000 WL 1897290, at *2 (D.Del. Dec. 22, 2000). A petitioner fairly presents a claim to the state courts by asserting a legal theory and facts substantially equivalent to those contained in his federal habeas petition. *Coverdale,* 2000 WL 1897290, at *2; *Doctor v. Walters,* 96 F.3d 675, 678 (3d Cir.1996).

Fair presentation also requires that the claim be raised in a procedural context in which the state courts can consider it on the merits. *Castille v. Peoples,* 489 U .S. 346, 351 (1989). The exhaustion requirement is satisfied even if the state court did not actually consider or discuss a federal claim that was fairly presented to the state's highest court. *See Swanger v. Zimmerman,* 750 F.2d 291, 295 (3d Cir.1984).

If a petitioner fails to exhaust state remedies, and state procedural rules prevent him from seeking further review in state courts, then the petitioner's failure to exhaust is excused. *Lines v. Larkin,* 208 F.3d 153, 160 (3d Cir.2000); *Wenger v. Frank,* 266 F.3d 218, 223 (3d Cir.2001); *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989). Although deemed exhausted, such claims are still procedurally defaulted, thereby precluding a federal habeas court from reviewing the merits of the claims absent a showing of cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *Coleman v. Thompson,* 501 U.S. 722, 749, 750-1 (1991); *Lines,* 208 F.3d at 160; *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir.1999).

**C. Standard of review under AEDPA**

Once a federal court determines that a claim is exhausted and not procedurally defaulted, it must next determine the appropriate standard for reviewing the habeas claim. If a state court adjudicated the federal habeas claim on the merits, then a federal habeas court can only grant habeas relief when the state court's adjudication of the claim:
  *4 (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
28 U.S.C. § 2254(d)(1), (2); *Williams v. Taylor,* 529 U.S. 362, 412 (2000); *Appel v. Horn,* 250 F.3d

Not Reported in F.Supp.2d                                                                 Page 4

Not Reported in F.Supp.2d, 2004 WL 2851801 (D.Del.)

**(Cite as: 2004 WL 2851801 (D.Del.))**

203, 210 (3d Cir.2001). A state court has adjudicated a claim on the merits for the purposes of 28 U.S.C. § 2254(d)(1) if the state court "decision finally resolv[es] the parties' claims, with res judicata effect, [and] is based on the substance of the claim advanced, rather than on a procedural, or other ground." *Rompilla v. Horn,* 355 F.3d 233, 247 (3d Cir.2004) (internal citations omitted). In short, "a failure to decide affects the standard of review; a failure to discuss (either at all or to the satisfaction of the habeas petitioner or the federal court) is irrelevant." *Id.*

AEDPA also requires a federal court to presume that a state court's determinations of factual issues are correct. 28 U.S.C. § 2254(e)(1). A petitioner can only rebut this presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El,* 537 U.S. at 341 (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions). This presumption of correctness applies to both explicit and implicit findings of fact. *Campbell v.. Vaughn,* 209 F.3d 280, 286 (3d Cir.2000).

IV. DISCUSSION

A. Indictment amendment claim

Petitioner's claim regarding the amendment of the indictment asserts two separate issues: (1) whether changing the victim's name in the indictment violated the Fifth Amendment's grand jury indictment clause; and (2) whether the name change violated petitioner's due process rights under the Sixth Amendment.

Petitioner's first assertion, that only the grand jury could have changed the victim's name in the indictment, fails to state a claim cognizable on federal habeas review. Although the Fifth Amendment provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury," this right does not apply to state criminal actions. *Hurtado v. California,* 110 U.S.

516, 538 (1884); *see also Rose v. Mitchell,* 443 U.S. 545, 557 n. 7 (1979) ("there is no constitutional requirement that States institute prosecutions by means of an indictment returned by a grand jury"). Moreover, "the legality of an amendment to an indictment is primarily a matter of state law." *United States ex. rel Wojtycha v. Hopkins,* 517 F.2d 420, 425 (3d Cir.1975); *Alexander v. Louisiana,* 405 U.S. at 633; *Carter v. Jury Commission,* 396 U.S. 320, 330 (1970). Federal habeas relief is not available for alleged errors of state law, *Estelle v. McGuire,* 502 U.S. 62, 67 (1991), thus, the court will dismiss this claim. [FN2]

> FN2. In affirming the Superior Court's decision regarding the amendment of the grand jury indictment, the Delaware Supreme Court "recognized the common origins and purposes of the Fifth Amendment and the grand jury clause found in [Delaware's] Constitution." *Coffield,* 794 A.2d at 593 n. 13. The state court also examined federal cases applying the Fifth Amendment's grand jury indictment clause in order to reach its holding that "where no other prejudice to the defendant exists, the name of the alleged human victim is not an essential element of the crime of Robbery First Degree and the amendment of that portion of the indictment does not violate an individual's right under the Delaware Constitution to be charged for that felony by a grand jury indictment." *Coffield,* 794 A.2d at 593. Petitioner relies on the Delaware court's examination of federal law to imply that he has raised an issue cognizable on federal habeas review. (D.I. 2, at ¶¶ 7b(15)-(44)). Petitioner's argument is flawed, however, because the Delaware court's examination of and reference to the United States Constitution and federal caselaw does not change the fact that the Fifth Amendment's grand jury indictment clause does not apply to the states. In short, this issue still only presents a state law claim.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2004 WL 2851801 (D.Del.)

**(Cite as: 2004 WL 2851801 (D.Del.))**

Page 5

*5 However, to the extent petitioner argues that amending the indictment during his trial deprived him of notice of the offense charged, he has presented the court with a federal due process issue cognizable on federal habeas review. *See, e.g., Wojtycha,* 517 F.2d at 425 (acknowledging that an amendment to a State indictment may raise federal due process issues). Petitioner presented this claim to the Delaware Supreme Court on direct appeal, thereby exhausting state remedies, and the Delaware Supreme Court adjudicated the issue on the merits. *See Coffield,* 794 A.2d at 594-95. Thus, the court must determine whether the Delaware Supreme Court's denial of this claim was either contrary to, or an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d)(1); *Williams,* 529 U.S. 362; *Werts v. Vaughn,* 228 F.3d 178 (3d Cir.2000), *cert. denied,* 532 U.S. 980 (2001) (holding that the Third Circuit's interpretation of § 2254(d)(1) in *Matteo v. Superintendent, SCI Albion,* 171 F.3d 877, 880 (3d Cir.1999) (en banc), is in accord with *Williams* ).

A state court decision is "contrary to" clearly established federal law if the reasoning or result of the state court decision contradicts the governing law set forth in the Supreme Court's cases. *Early v. Packer,* 537 U.S. 3, 81 (2002). A state court decision is an "unreasonable application" of Supreme Court precedent if "the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified." *Matteo,* 171 F.3d at 891; *Williams,* 529 U.S. at 412-13. Before reaching either prong, the court must first identify the clearly established Supreme Court precedent governing petitioner's claim. *Werts,* 228 F.3d at 197.

As previously explained, the legality of an amendment to a state indictment is an issue of state law. As such, this court cannot review the state court's determination that the name change was an amendment in form, not in substance. [FN3]

> FN3. Nevertheless, the court notes that the analysis utilized by the Delaware Supreme Court for determining that the amendment

was one of form, not of substance, parallels the method articulated in federal caselaw for determining whether a change to an indictment constitutes an amendment or a variance. *See Coffield,* 794 A.2d at 591-93; *Russell v. U.S.,* 369 U.S. 749, 771 (1962); *United States v. Miller,* 471 U.S. 130 (1985); *United States v. Castro,* 776 F.2d 1118, 1122 (3d Cir.1985); *United States v. Kelly,* 892 A.2d 255, 258 (3d Cir.1989). An amendment to an indictment is *per se* unconstitutional, but a variance constitutes reversible error only if the variance prejudices a substantial right of the defendant. *United States v. Kelly,* 892 F.2d 255, 258 (3d Cir.1989); *see United States v. Miller,* 471 U.S. 130 (1985); *United States v. Castro,* 776 F.2d 1118, 1122 (3d Cir.1985); *United States v. De Cavalcante,* 440 F.2d 1264, 1271- 2 (3d Cir.1971). The difference between an amendment and a variance is described as follows:

An amendment of the indictment occurs when the charging terms of the indictment are altered, either literally or in effect, by prosecutor or court after the grand jury has last passed upon them. A variance occurs when the charging terms of the indictment are left unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment.
*De Cavalcante,* 440 F.2d at 1271 (quoting *Gaither v. United States,* 413 F.2d 1061, 1071 (1969). After determining that the "name of the alleged human victim is not an essential element of the crime of Robbery First Degree," the Delaware Supreme Court proceeded to determine "whether the amendment otherwise prejudiced Coffield," i.e., whether the amendment violated his due process rights. *Coffield,* 794 A.2d at 593.

However, amending a state indictment can implicate Federal due process concerns. *See Wojtycha,* 517 F.2d at 425. The Sixth Amendment provides, in relevant part, that "[i]n all criminal

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                    Page 6

Not Reported in F.Supp.2d, 2004 WL 2851801 (D.Del.)

**(Cite as: 2004 WL 2851801 (D.Del.))**

prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation." U.S. Const. amend VI. This right applies to the states through the Fourteenth Amendment. *In re Oliver,* 333 U.S. 257 (1948). Consequently, a state prisoner has the right "to receive 'reasonable notice of the charges against him." ' *Chandler v. Moscicki,* 253 F.Supp.2d 478, 487-88 (W.D.N.Y. Mar. 10, 2003) (quoting *Hulstine v. Morris,* 819 F.2d 861, 863-64 (8th Cir.1987)); *cf. Peters v. Kiff,* 407 U.S. 493, 496 (1972). To determine whether an indictment satisfies due process, a court must ask whether the indictment: (1) contains the elements of the offense charged; (2) provides the defendant adequate notice of the charges against which he must defend; and (3) protects against double jeopardy by enabling the defendant to plead an acquittal or conviction to bar future prosecutions for the same offense. *Russell v. United States,* 369 U.S. 749, 763-64 (1962); *see also Wojtycha,* 517 F.2d at 425 ("Insofar as due process claims ... the indictment [must] fairly apprise the defendant of the charges to which he was subjected and of the basic facts upon which they were founded and provide[ ] adequate protection for double jeopardy purposes").

**\*6** Applying the foregoing principle to petitioner's claim demonstrates that the Delaware Supreme Court's denial of the claim is not contrary to, or an unreasonable application of, clearly established Federal law. The Delaware Supreme Court concluded that the amended indictment provided adequate notice to petitioner, stating that the "amendment in no way alters the[ ] essential facts of the incident and thus Coffield can neither claim that he was unaware of the offense charged or that the amendment obscures the underpinnings of the crime charged in a manner that submits him to the risk of a second prosecution." *Coffield,* 794 A.2d at 593-94. This holding does not contradict clearly established federal law because it identifies and resolves the same three elements articulated by the governing Supreme Court precedent. Thus, habeas relief is not warranted under the "contrary to" prong of § 2254(d)(1).

The court also concludes that the Delaware

Supreme Court's decision is not an unreasonable application of Supreme Court precedent. Before holding that petitioner's due process rights were not violated by the name change, the Delaware Supreme Court completely reviewed the pertinent facts: (1) the victim named in the original indictment and the victim named in the amendment were both present at the time of the robbery and both were employees of the Cumberland Farms store; (2) petitioner displayed a handgun and threatened to harm both individuals; (3) the amendment did not alter the essential facts of the incident, namely, that petitioner robbed an individual person at the Cumberland Farms store in Wilmington, Delaware on May 3, 1999--the only difference between the terms of the two indictments is which of the two victims petitioner forced to retrieve money; (4) the amendment did not leave petitioner unaware of the offense charged; (5) the amendment did not expose defendant to the risk of a second prosecution; (6) the defense had equal access to both individuals and equal reason to interview them; and (7) petitioner based his defense for all the robberies charged in the indictment on the same alibi. *Coffield,* 794 A.2d at 593-94. The state court then concluded that the indictment provided petitioner with adequate notice of the crime charged and enabled him to prepare his defense. *Id.*

This court has independently reviewed the record and also concludes that amending the indictment did not violate petitioner's due process rights. In addition to the facts listed above, the record reveals that petitioner attended a violation of probation hearing in September 1999, where the arresting detectives testified as to the facts of the Cumberland Farms robbery. As such, even before his trial began and before the State moved to amend the indictment, petitioner was aware of the time and location of the crime, the manner in which the money was stolen, the two witnesses to the crime (Brock and Jackson), and the nature of the witnesses' testimony.

**\*7** Further, petitioner's defense at trial for all of the robberies was one of mistaken identity: someone else must have committed the robberies because he

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2004 WL 2851801 (D.Del.)

**(Cite as: 2004 WL 2851801 (D.Del.))**

was somewhere else with his girlfriend when the offenses took place. Petitioner did not indicate to the state courts, nor has he indicated here, that he would not have presented this alibi defense "had he known that the trial judge would grant the Motion to Amend." *Coffield,* 794 A.2d at 594. As such, the court concludes that the Delaware Supreme Court's denial of this claim can reasonably be justified under clearly established federal law. Thus, the court will dismiss this claim for failing to satisfy § 2254(d)(1).

B. Evidentiary claim

Petitioner also asserts that the trial court erred by admitting evidence concerning Jackson, the victim named in the amended indictment. Specifically, he argues that because the original indictment named Brock as the victim, testimony from both Jackson and Brock regarding Jackson being robbed at gunpoint was impermissible testimony regarding a bad act by the defendant. (D.I. 2 at ¶¶ 7.a(8)-(9)) He argues that the admission of the testimony violated Delaware Rules of Evidence 402 and 403, and that the jury may have been confused when the indictment was amended and subsequently may have convicted him based on testimony that he threatened a different victim. *Id.* at ¶¶ 7.a.(8)-(10). Petitioner also contends that the Superior Court should have instructed the jury that the evidence could not be used for any substantive purpose or to infer his proclivity to commit crimes. *Id.* at ¶ 7. a(9).

The court agrees with the State's assertion that, to the extent petitioner's claim asserts an error of state evidentiary law, he has failed to present a claim cognizable on federal habeas review. *See Pulley v. Harris,* 465 U.S. 37, 41 (1984); *Riley,* 277 F.3d 261, 311 n. 8 (3d Cir.2001); *Mundy v. Snyder,* 2002 WL 1285547, at *3 (D.Del. Jun. 10, 2002). Thus, the court will dismiss this claim.

To the extent this claim alleges a federal due process claim, [FN4] the State correctly acknowledges that petitioner has failed to exhaust state remedies. The record reveals that petitioner never presented a federal due process claim

regarding the admission of Brock's and Jackson's testimony or the Superior Court's failure to instruct the jury regarding the allegedly limited value of the testimony to the state courts. [FN5] *See Duncan v. Henry,* 513 U.S. 364, 365-66 (1995) ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court"). Thus, the federal due process claim is unexhausted.

> FN4. The court liberally construes the evidentiary claim to assert a federal due process issue. Petitioner's claim that the jury was confused by the testimony appears to assert fundamental unfairness. *See Biscaccia v. Attorney General of State of N.J.,* 623 F.2d 307, 312 (3d Cir.1980) (A state court evidentiary error is cognizable in federal habeas proceedings only if the error "deprives a defendant of fundamental fairness in his criminal trial").

> FN5. Prior to trial, petitioner filed a motion to sever the charges in the indictment. One of his arguments was that he would "suffer prejudice from a joinder of these offenses which is in violation of [his] due process rights, and his right to a fair trial." (D.I. 11, Motion for Severance, at ¶ 4) The Superior Court denied the motion. In his direct appeal, petitioner argued that the trial court abused its discretion by denying the severance motion. Although he argued that he was prejudiced by the joinder of offenses, he did not allege to any state court that the admission of Brock's and Jackson's testimony violated his federal due process rights.

Petitioner's failure to exhaust is excused, however, because state procedural rules would prevent him from pursuing further state court review. [FN6] *See Coleman,* 501 U.S. at 750; *Lines,* 208 F.3d at 160. Although deemed exhausted, this claim is still procedurally defaulted, and federal habeas review is

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2004 WL 2851801 (D.Del.)

**(Cite as: 2004 WL 2851801 (D.Del.))**

foreclosed unless petitioner establishes cause for his procedural default and prejudice resulting therefrom, or that a miscarriage of justice will result if the court refuses to hear the claim. *See Coleman v. Thompson,* 501 U.S. 722, 750-51 (1991); *Harris,* 489 U.S. at 262; *Caswell v. Ryan,* 953 F.2d 853, 860-61 (3d Cir.1992).

> FN6. Delaware Superior Court Criminal Rule 61(i)(3) would preclude any further state court consideration of the claim because petitioner failed to raise this claim in the proceedings leading to his conviction, and he has not demonstrated cause for the default or prejudice resulting therefrom. *See, e.g., Bright v. Snyder,* 218 F.Supp.2d 573, 580 (D.Del.2002).

**\*8** Here, petitioner has not demonstrated that an external impediment prevented him from presenting this claim in his appeal, thereby failing to demonstrate cause for his procedural default. *See Murray v. Carrier,* 477 U.S. 478, 492 (1986). Because petitioner has not demonstrated cause, the court does not need to address the issue of prejudice. *See Smith v. Murray,* 477 U.S. 527, 533 (1986).

Moreover, petitioner has not alleged that he is actually innocent, nor has he presented any colorable evidence of his actual innocence. Thus, he has not demonstrated that a fundamental miscarriage of justice will result from failure to review this claim. *Murray,* 477 U.S. at 496 (to establish a miscarriage of justice, a petitioner must show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent"); *Sweger v. Chesney,* 294 F.3d 506, 522-24 (3d Cir.2002) (a petitioner establishes actual innocence by proving that no reasonable juror would have voted to find him guilty beyond a reasonable doubt); *Bousley v. United States,* 523 U.S. 614, 623 (1998) (actual innocence means factual innocence, not legal insufficiency). As a result, federal habeas review of petitioner's due process claim is unavailable.

C. Prosecutorial misconduct claim

Petitioner's final claim is that the state prosecutor knowingly presented a false charge to the grand jury in violation of his due process rights. (D.I. 2 at ¶ 7.b(22)) The State correctly acknowledges that petitioner never presented this claim to the state court. Thus, he has failed to exhaust state remedies.

Because petitioner did not raise this claim in his direct appeal, Delaware Superior Court Criminal Rule 61(i)(3) would bar him from pursuing further state court review. *See* Del.Super. Ct.Crim. R. 61(i)(3). As such, petitioner's failure to exhaust state remedies for this claim is excused, but still procedurally defaulted. Petitioner has not alleged any cause or prejudice excusing his procedural default. Petitioner also does not allege his actual innocence, thereby failing to establish a miscarriage of justice. Thus, the court is procedurally barred from reviewing the merits of this claim.

V. CERTIFICATE OF APPEALABILITY

Finally, the court must decide whether to issue a certificate of appealabilty. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability may only be issued when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

For the reasons stated above, the court concludes that petitioner is not entitled to federal habeas relief for any of his claims. Reasonable jurists would not find these conclusions unreasonable. Consequently, petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

VI. CONCLUSION

**\*9** For the foregoing reasons, petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254 will be denied.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2004 WL 2851801 (D.Del.)

**(Cite as: 2004 WL 2851801 (D.Del.))**

An appropriate order will be entered.

Not Reported in F.Supp.2d, 2004 WL 2851801 (D.Del.)

   **Motions, Pleadings and Filings (Back to top)**

• 1:03CV00367 (Docket) (Apr. 10, 2003)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2007, I electronically filed an answer to a habeas petition with the Clerk of Court using CM/ECF.  I also hereby certify that on March 9, 2007, I have mailed by United States Postal Service, the same documents to the following non-registered participant:

James E. Allen
1 Andover Court
New Castle, DE 19720

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us