# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES E. ALLEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )     Civ. A. No. 06-578-GMS |
| | ) |
| PERRY PHELPS, Warden, and | ) |
| ATTORNEY GENERAL OF THE | ) |
| STATE OF DELAWARE, | ) |
| | ) |
| Respondents.¹ | ) |

James E. Allen. *Pro se* petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of
Justice, Wilmington, Delaware. Attorney for respondents.

## MEMORANDUM OPINION

_July 2_, 2009
Wilmington, Delaware

---

¹Warden Perry Phelps assumed office in January 2007, replacing former Warden Thomas
Carroll, an original party to this case. *See* Fed. R. Civ. P. 25(d).

Sleet, Chief District Judge

## I. INTRODUCTION

Petitioner James E. Allen ("Allen") filed the pending petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 1.)  Allen is incarcerated in the James T. Vaughn Correctional Center in Smyrna, Delaware.  For the reasons that follow, the court will dismiss his petition.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Allen and his co-defendants, Isaiah Howard ("Howard") and Kevin McCray ("McCray"), were indicted on numerous charges arising from three separate incidents, which took place on May 31, 2002, August 12, 2002, and August 27, 2002. *Allen v. State*, 878 A.2d 447 (Del. 2005); *Allen v. State*, - A.2d -, 2009 WL 377164 (Del. Feb. 17, 2009).  Co-defendants Howard and McCray pled guilty to reduced charges prior to trial.  Allen, however, did not plead guilty.  Co-defendant Howard testified for the prosecution at Allen's trial.  Although co-defendant McCray did not testify, the State moved into evidence McCray's plea agreement at the conclusion of Howard's testimony.  Defense counsel objected, arguing that the plea agreement was simply hearsay used to bolster co-defendant Howard's testimony.  The trial court overruled the objection and permitted the plea agreement into evidence. *Allen*, 878 A.2d at 449.

In July 2003, a Delaware Superior Court jury convicted Allen of attempted second degree burglary, criminal mischief under $1,000, attempted second degree robbery, possession of a firearm during the commission of a felony, aggravated menacing, second degree conspiracy, and possession of burglary tools. *See Allen v. State*, 878 A.2d 447, 448 (Del. 2005).  The Superior Court sentenced Allen as an habitual offender. *Id.*  On direct appeal, the Delaware Supreme

1

Court reversed and remanded the case for a new trial, explaining that "the trial court erred when it admitted into evidence a non-testifying co–defendant's guilty plea agreement under the circumstances of [Allen's] case." *Id.* at 451.

The State obtained a superseding indictment in November 2005. In May 2006, Allen filed two *pro se* petitions for state habeas corpus relief, in which he alleged that the prosecutor improperly altered the terms of the original charging indictment during his first trial to assert accomplice liability, thereby rendering the original indictment invalid and depriving the Superior Court of jurisdiction to hold him. The Superior Court denied both state habeas petitions, concluding that Allen was legally detained and that he failed to state a claim upon which a writ of habeas corpus could be issued.[2] (D.I. 16, *In re Allen*, Civ. A. No. 06M-05-084 RRC;  *In re Allen*, Civ. A. No. 06M-05-130 CHT)  Allen only appealed the Superior Court's denial of his second habeas petition, and the Delaware Supreme Court affirmed that decision in August 2006; the Delaware Supreme Court explained that Allen's new trial was scheduled for September 19, 2006, and  "Allen's claim that the State improperly amended the indictment against him is in the nature of a trial error that can be raised on appeal." (D.I. 16, *Allen v. State*, No.325,2006 (Del. Aug. 25, 2006)).

Allen filed the instant federal habeas petition on September 15, 2006.  The State filed its answer in March 2007, when Allen's new trial was set for April 17, 2007.[3]  On April 23, 2007, a

---

[2]When the Superior Court denied Allen's second habeas petition, it also stated that Allen was challenging the validity of the underlying charges, which were to be retried.  (D.I. 16, at *In re Allen*, Civ. A. No. 06M-05-130 CHT)

[3]The court has comprised the summary of events occurring subsequent to the State's filing of its answer from the recent Delaware Supreme Court decision with respect to Allen's direct appeal of his second trial.

Delaware Superior Court jury found Allen guilty of all charges except attempted first degree robbery and second degree conspiracy as to the August 27, 2002 incident. *Allen*, 2009 WL 377163, at *1. The Superior Court sentenced Allen as a habitual offender. Allen filed a direct appeal, asserting five arguments: (1) the Superior Court erred by refusing his request to instruct the jury on accomplice liability pursuant to Del. Code Ann. tit. 11, § 274; (2) the Superior Court committed reversible error by limiting his attorney's cross-examination of co-defendant Howard on prior crimes; (3) the Superior Court erred when it refused to grant his request for a mistrial; (4) the Superior Court committed plain error by failing to follow proper procedure before submitting the charge of second degree kidnaping to the jury; and (5) the Superior Court erred by granting the State's motion to declare him a habitual offender. *Id.* On February 17, 2009, the Delaware Supreme Court reversed all judgments of conviction, and remanded the matter for a new trial, holding that

> [t]he multiple criminal charges against Allen were inextricably intertwined. The Superior Court's failure to give a section 274 instruction [Del. Code Ann. tit. 11, § 274, accomplice liability statute] with regard to those offenses that are divided into degrees undermined the ability of the jury to intelligently perform its duty in returning a verdict and requires reversal of all the judgments of conviction. This matter is remanded for a new trial in accordance with this opinion.

*Id.* at *11

## III. DISCUSSION

In the instant petition, Allen contends that the prosecutor improperly amended the original grand jury indictment at some point prior to, or during, his first trial in order to charge him as an accomplice rather than as a principal. Specifically, Allen asserts that the prosecutor lacked the authority to change the terms of the indictment. In its answer, the State explains that

3

Allen did not exhaust state remedies for this claim because he failed to raise the issue on direct

appeal of his first trial. However, the State explicitly waives the exhaustion requirement, and

asks the court to deny the claim for failing to allege an issue cognizable on federal habeas review.

The State also argues that, to the extent the claim can be construed as alleging a violation of

Allen's due process right to receive notice of the charges against him, the claim should be denied

as meritless.

Nothing in the record indicates that the State formally amended the original grand jury

indictment. Rather, Allen's complaint appears to be based on the prosecutor's opening

statement:

> This is a robbery case. It's not what you might think a robbery case would be. This is a
> complex robbery case. Complex in that there were two robberies committed and one
> attempted robbery committed. Complex in that the defendant is charged as an
> accomplice to committing these crimes.
>
> He had two co-defendants, Isaiah Howard and Kevin McCray. Isaiah Howard and Kevin
> McCray have already pled guilty to committing these robberies. The defendant is the last
> person charged in relation to these events.
>
> The defendant is charged as an accomplice because the State intends to demonstrate to
> you that intending to promote or facilitate the commission of a crime, burglary, robbery,
> aggravated menacing, possession of a firearm during the commission of a felony,
> kidnaping, and the other offenses which occurred in these robberies, the defendant aided,
> abetted, or agreed to assist the other two defendants in committing these acts. That is
> how the defendant is charged.

(D.I. 16, Exh. 1 attached to Writ of Mandamus application in *In re Allen*, No. 276,2005.)

Consequently, Allen's sole claim appears to allege that the State improperly constructively

amended the indictment. *See, e.g, United States v. McKee*, 506 F.3d 225, 229 (3d Cir. 2007)(an

indictment is "constructively amended when evidence, arguments, or the district court's jury

instructions effectively amends the indictment by broadening the possible bases for conviction

from that which appeared in the indictment.").

To begin, the court concurs with the State's argument that the instant claim fails to allege an issue cognizable on federal habeas review. A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Claims based on errors of state law are not cognizable on federal habeas review, and federal courts cannot re-examine state court determinations on state law issues. *Estelle v. McGuire*, 502 U.S. 62, 67-8 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984) ; *Riley v. Taylor*, 277 F.3d 261, 310 n.8 (3d Cir. 2001). Because the Fifth Amendment right to a grand jury indictment does not apply to State criminal prosecutions,[4] "the legality of an amendment to an indictment is primarily a matter of state law." *United States ex. rel Wojtycha v. Hopkins*, 517 F.2d 420, 425 (3d Cir. 1975). Therefore, to the extent Allen's claim alleges that the State lacked authority to constructively amend his original indictment prior to, or during, his initial trial, the court concludes that it must dismiss the claim for failing to present an issue cognizable on federal habeas relief.

However, the court concludes that Allen has presented the court with a federal due process issue cognizable on federal habeas review to the extent Allen argues that constructively amending the indictment during his trial to charge him as an accomplice with respect to the counts in the original indictment deprived him of notice of the offense charged. *See, e.g., Wojtycha*, 517 F.2d at 425 (acknowledging that an amendment to a State indictment may raise federal due process issues). The Sixth Amendment provides, in relevant part, that "[i]n all

---

[4]*See Apprendi v. New Jersey*, 530 U.S. 266, 272 (1994); *Hurtado v. California*, 110 U.S. 516 (1884).

criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation." U.S. Const. amend VI. This right applies to the states through the Fourteenth Amendment. *In re Oliver*, 333 U.S. 257 (1948). Consequently, a state prisoner has the right "to receive reasonable notice of the charges against him." *Coffield v. Carroll,* 2004 WL 2851801, at *5 (D. Del. Dec. 1, 2004); *cf. Peters v. Kiff,* 407 U.S. 493, 496 (1972).

To determine whether an indictment satisfies due process, a court must ask whether the indictment: (1) contains the elements of the offense charged; (2) provides the defendant adequate notice of the charges against which he must defend; and (3) protects against double jeopardy by enabling the defendant to plead an acquittal or conviction to bar future prosecutions for the same offense. *Russell v. United States*, 369 U.S. 749, 763-64 (1962); *see also Wojtycha*, 517 F.2d at 425 ("Insofar as due process claims . . . the indictment [must] fairly apprise the defendant of the charges to which he was subjected and of the basic facts upon which they were founded and provide[] adequate protection for double jeopardy purposes"). In Delaware, an indictment does not have to charge a defendant as an accomplice or use accomplice liability language, so long as "it is drawn with such particularity as to permit the defendant reasonably (1) to know the charge, and (2) to prepare a defense." *Owens v. State*, 449 A.2d 200, 201 (1982). Moreover, a person indicted as a principal may be convicted as an accomplice, and a person indicted as an accomplice may be convicted as a principal.[5] Del. Code Ann. tit. 11, § 275 (Rpl. 2001); *Ayers v. State*, 844 A.2d 304 (Del. 2004); *Dixon v. State*, 673 A.2d 1220, 1228 (Del. 1996). Viewing the

---

[5]In fact, in general, the modern rule is that an indictment or information need not specify whether the defendant is being charged as a principal or as an accomplice. 41 Am. Jur. 2d *Indictments and Information* § 122 (2008).

wording of the original indictment[6] in context with Delaware's well-established law that a person

indicted as a principal can be convicted as an accomplice, the court concludes that Allen had

notice that he would have to defend against charges of committing the offenses both as a

principal and as an accomplice.[7]  Accordingly, the court will deny the petition in its entirety.[8]

## IV.  CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also

decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule

22.2.  A certificate of appealability is appropriate when a petitioner makes a "substantial showing

of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the

district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. §

2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The court concludes that Allen's petition does not warrant federal habeas relief.

Reasonable jurists would not find this conclusion to be debatable.  Consequently, the court

---

[6]Counts I, II, III, IV, V, VI, XIII, XIV, XV, XVI, XVII, XVIII, XIX, XX, XXI, XXII, XXIII, XXIV, XXV, XXVI, XXVII, charged all three co-defendants with committing the felonies described therein, whereas counts VII, VIII, IX, X, XI, XII singly charged Kevin McCray. (D.I. 16.)

[7]In fact, during his opening statement, Allen's defense counsel explained that Allen was being charged as an accomplice, demonstrating that the defense had notice of the charges against Allen.

[8]Given the unique procedural posture of Allen's state criminal proceeding (namely, that his convictions from his second trial have recently been reversed and another new trial has been ordered), the court notes that this decision pertains only to the alleged amendment of the indictment that was issued in Allen's first criminal proceeding; the court does not address any potential indictment issues with respect to Allen's second trial or his future third trial.

declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, Allen's petition for habeas relief pursuant to 28 U.S.C. § 2254 is

denied. An appropriate order shall issue.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES E. ALLEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. A. No. 06-578-GMS |
| | ) |
| PERRY PHELPS, Warden, and | ) |
| ATTORNEY GENERAL OF THE | ) |
| STATE OF DELAWARE, | ) |
| | ) |
| Respondents. | ) |

## ORDER

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY

ORDERED that:

1. James E. Allen's petition for the writ of habeas corpus, filed pursuant to 28 U.S.C

§ 2254, is DISMISSED, and the relief requested therein is DENIED.  (D.I. 1.)

2.  The court declines to issue a certificate of appealability because Allen has failed to

satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).

Dated: July 2, 2009

CHIEF UNITED STATES DISTRICT JUDGE